UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEROME JACOBS | CIVIL ACTION |
| VERSUS | NO. 18-11126 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ET AL. | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendants State Farm Fire and Casualty Company's and State Farm Mutual Automobile Insurance Company's motion to dismiss plaintiff's claims for penalties and attorney's fees.[1] Because plaintiff has failed to plausibly allege that he is entitled to this relief, the Court grants the motion. The Court also grants plaintiff leave to amend his complaint to cure the deficiency.

### I.    BACKGROUND

This case arises from a car accident.[2] On August 11, 2016, plaintiff was allegedly stopped in traffic on Esplanade Avenue when another driver failed to stop and hit the back of his car.[3] According to plaintiff, the impact caused

---

[1]    R. Doc. 16.
[2]    R. Doc. 1-1.
[3]    *Id.* at 1 ¶¶ 3-5.

him severe injuries.[4] Plaintiff claims that his injuries were caused by the driver's negligence.[5]

After the accident, plaintiff settled with the other driver involved in the accident, and with the driver's insurance company.[6] He then filed this action on August 6, 2018 in Orleans Parish against his uninsured/under insured and excess claim insurers, State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company, claiming that the insurers were liable for the driver's negligence.[7] On November 16, 2018, State Farm Fire and Casualty Company removed the case to this Court on the basis of diversity jurisdiction.[8] On January 7, 2019, plaintiff filed an amended complaint alleging that the defendants failed to fairly adjust and settle his claim in bad faith and seeking statutory penalties and attorney's fees.[9]

Defendants have filed a motion to dismiss plaintiff's claims for penalties and attorney's fees.[10] Plaintiff opposes the motion.[11]

---

[4] *Id.* ¶ 5.
[5] *Id.* at 2 ¶ 6.
[6] *Id.* ¶ 7.
[7] *See* R. Doc. 1-1.
[8] R. Doc. 1.
[9] R. Doc. 12.
[10] R. Doc. 16.
[11] R. Doc. 18.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the party pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the nonmoving party. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the party's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is

apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## III. DISCUSSION

### A. Failure to State a Claim

Punitive damages are prohibited under Louisiana law unless authorized by statute. *Warren v. Shelter Mut. Ins. Co.*, 233 So. 3d 568, 586 (La. 2017) ("It is well-settled in Louisiana that punitive damages are available only where authorized by statute."). Two statutes allow plaintiffs to recover punitive damages when insurers arbitrarily or capriciously fail to pay a claim. *See* La. R.S. 22:1892, 22:1973. Plaintiffs may also recover attorney's fees under Section 1892. La. R.S. 22:1892(b)(1). Statutory penalties are not warranted when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense. *Reed v. State Farm Mut. Auto Ins. Co.*, 857 So. 2d 1012, 1021 (La. 2003). The bad faith statutes are penal in nature and must be strictly construed. *Id.* at 1020.

Section 1892 requires that an insurer pay claims or make an offer of settlement within thirty days of receipt of a satisfactory proof of loss. La. R.S. 22:1892. In order to recover under Section 1892, a claimant must demonstrate "that (1) an insurer has received satisfactory proof of loss, (2)

4

the insurer fail[ed] to tender payment within thirty days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious or without probable cause." *La. Bag Co., Inc. v. Audubon Indem. Co.*, 999 So. 2d 1104, 1112-13 (La. 2008). The Louisiana Supreme Court has interpreted "arbitrary and capricious" to mean "vexatious" or "unjustified, without reasonable or probable cause or excuse." *Id.* at 1114 (quoting *Reed*, 857 So. 2d at 1021).

Section 1973 requires that insurers adhere to a standard of good faith and fair dealing. La. R.S. 22:1973. An insurer breaches its duty of good faith if it misrepresents pertinent facts, fails to pay a settlement within thirty days, denies coverage without notice or consent, misleads a claimant as to the applicable prescriptive period, fails to pay a claim within sixty days of a satisfactory proof of loss arbitrarily or capriciously, or fails to pay under Section 1893 arbitrarily or capriciously. *Id.* Courts have recognized that "[t]he conduct prohibited by the two sections is 'virtually identical.'" *Hibbets v. Lexington Ins. Co.*, 377 Fed. App'x 352, 355 (5th Cir. 2010) (quoting *Reed*, 857 So. 2d at 1020).

Plaintiff's amended complaint states that plaintiff submitted a proof of loss to State Farm, and that State Farm has failed to tender any benefits to him.[12] Plaintiff then makes the conclusory allegation that "State Farm has

---

[12] R. Doc. 12 at 1 ¶ 1.

5

wrongfully, arbitrarily, capriciously, and without just cause delayed paying Mr. Jacobs' claims, and as a result, plaintiff has sustained damages because of State Farm's breach of the implied covenant of good faith and fair dealing."[13] Plaintiff does not allege any facts to support the allegation that State Farm acted arbitrarily and capriciously. For example, he does not identify what information he submitted to State Farm that amounted to a satisfactory proof of loss.[14]

Plaintiff's allegations, which merely parrot the standard for liability, are not enough to state a claim. *See Iqbal*, 556 U.S. at 678; 5 Charles Alan Wright et al., Fed. Prac. & Proc. § 1218 (3d ed. 2019) ("[L]egal conclusions—without substantiating facts—will be insufficient to state a claim."). The only facts that plaintiff has alleged are: (1) that he submitted a proof of loss, and (2) that State Farm has not paid his claim. "Without more, an insurer's payment of less than the full value of an insured's loss is insufficient evidence of arbitrary and capricious behavior for purposes of [La. R.S. 22:1892 and La. R.S. 22:1973]." *Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 299 (5th Cir. 2009); *see also Reed*, 857 So. 2d at 1021 ("The statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim

---

[13] *Id.* ¶ 2.
[14] *See id.*

and acts in good-faith reliance on that defense."). Plaintiff's factual assertions are therefore insufficient to state a claim for statutory penalties and attorney's fees under La. R.S. 22:1892 and La. R.S. 22:1973.

B. **Leave to Amend**

Plaintiff has also requested leave to amend the complaint.[15] Plaintiff's deadline to amend his pleadings was January 14, 2019.[16] A party seeking to amend its complaint after the deadline for amendments to pleadings in the Court's scheduling order must show "good cause" for the amendment under Federal Rule of Civil Procedure 16(b). *S&W Enters., LLC. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 53-36 (5th Cir. 2003). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id.* at 535 (quoting 6A Charles Alan Wright et al., Fed. Prac. & Proc. § 1522.1 (2d ed. 1990)). The Court's "judgment range is exceedingly wide" when making scheduling decisions, for it "must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000)).

---

15 R. Doc. 18 at 6 n.27.
16 R. Doc. 9 at 1.

Courts specifically consider "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)) (alternations in original).

If the Court finds that plaintiff has demonstrated good cause to modify the scheduling order, it then applies the more liberal standard of Federal Rule of Civil Procedure 15(a) to determine whether to grant the motion. *Id.* Under Rule 15(a), the Court "freely give[s] leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend, however, "is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The Court considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182.

The Court finds that plaintiff has shown good cause to amend his complaint. The amendment is important, because if plaintiff cannot amend he will be precluded from recovering statutory penalties and attorney's fees, which would significantly reduce his possible recovery. He will also be prejudiced by his inability to bring a claim under Sections 1892 and 1973 for the same reason. A continuance will not cure his prejudice. Further, amendment is not futile. Although not mentioned in his complaint, plaintiff points out in his opposition that he submitted a demand letter to State Farm on October 4, 2018 outlining the extent of his alleged injuries.[17] Plaintiff alleged in that letter that his medical expenses exceeded $300,000.00.[18] The letter refers to enclosed medical records that allegedly demonstrate his costs.[19] This information indicates that plaintiff may have submitted a valid proof of loss to State Farm, in which case State Farm's failure to pay his claim could be arbitrary and capricious. Because plaintiff may have a factual basis for his bad faith claim that he failed to allege in the amended complaint, leave to amend a second time is warranted.

---

[17] R. Doc. 1-5.
[18] *Id.* at 1.
[19] *Id.* at 3.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's claims for punitive damages is GRANTED. Plaintiff's claims under La. R.S. 22:1892 and La. R.S. 22:1973 are dismissed WITHOUT PREJUDICE and with leave to file an amended complaint within 21 days.

New Orleans, Louisiana, this __3rd__ day of June, 2019.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE